**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 18-CR-0166-CVE** |
| | ) | |
| **JOHN TERRY CHATMAN, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Now before the Court is defendant John Terry Chatman, Jr.'s motion for new trial (Dkt. #

52). Defendant was found guilty on January 29, 2019 of being a felon in possession of a firearm or

ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (count one); obstruction of justice

by attempting to kill a witness in violation of 18 U.S.C. § 1512(a)(1)(C) (count two); and using or

carrying a firearm during the commission of a crime of violence in violation of 18 U.S.C. §

924(c)(1)(A)(iii) (count three). Dkt. # 41. On April 16, 2019, defendant filed a motion for a new

trial based on newly-discovered evidence or ineffective assistance of trial counsel. Dkt. # 52.

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if

the interest of justice so requires." Fed. R. Crim. P. 33(a). Insofar as defendant relies on ineffective

assistance of counsel as the basis for his motion for a new trial, the Court finds that the motion is

untimely. Under Rule 33(b)(2), "[a]ny motion for a new trial grounded on any reason other than

newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Here,

defendant filed his motion for a new trial on April 16, 2019, more than two months after the jury's

verdict of guilty was returned.[1]  Further, claims of ineffective assistance of counsel ordinarily should

be presented to the district court in collateral proceedings rather than in the circumstances existing

here.  United States v. Galloway, 56 F.3d 1239, 1242 (10th Cir. 1995) (en banc) ("The rule in this

circuit, then, is that claims of constitutionally ineffective counsel should be brought on collateral

review, in the first petition filed under 28 U.S.C. § 2255.").

Insofar as defendant's motion is premised on newly discovered evidence, however, the

motion is timely and the Court will consider the merits.  Fed. R. Crim. P. 33(b)(1) ("Any motion for

a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or

finding of guilty.").  "A motion for new trial based on newly discovered evidence is not favorably

regarded and should be granted only with great caution."  United States v. Trujillo, 136 F.3d 1388,

1394 (10th Cir. 1998) (quotations and citations omitted).  To prevail on such a motion, a defendant

must show: "(1) the evidence was discovered after trial; (2) the failure to learn of the evidence was

not caused by the defendant's own lack of diligence; (3) the new evidence is not merely impeaching;

(4) the new evidence is material to the principal issues involved; and (5) the new evidence is of such

a nature that in a new trial it would probably produce an acquittal."  United States v. Herrera, 481

F.3d 1266, 1270 (10th Cir. 2007).

---

[1]      Even if defendant's motion for a new trial on the basis of ineffective assistance of counsel
were timely filed, defendant would not be entitled to a new trial on that basis.  Defendant
argues that his trial counsel provided ineffective assistance by not having him plead guilty
to count one.  Dkt. # 52, at 7.  On January 28, 2019, outside the presence of the venire panel,
the Court made a record under Lafler v. Cooper, 566 U.S. 156 (2012), and Missouri v. Frye,
566 U.S. 134 (2012), clearly establishing that defendant's decision to reject prior offers and
to go to trial was his decision based on his own independent judgment.  Dkt. # 48, at 5-9; see
also Dkt. # 34, at 26-28.  Further, defendant's argument that his trial counsel was ineffective
because he failed to request an instruction from the Court that includes the "natural and
probable" element in count two is also unavailing for the reasons discussed in this opinion
and order.

Defendant's alleged "newly discovered evidence" consists of "filings comparing state prosecutions to federal prosecutions." Dkt. # 52, at 5. Specifically, defendant presents public records indicating that 608 felon-in-possession cases were initiated in the District Court in and for Tulsa County, Oklahoma in 2018, as well as public records indicating that 44 felon-in-possession cases originating from arrests made in Tulsa County were prosecuted in the United States District Court for the Northern District of Oklahoma in 2018. Id. Based on these records, defendant argues that it is "*13 times* more probable that *no federal prosecution* would take place in 2018 for a person arrested for felon in possession of a firearm." Id. (emphasis in original). Defendant argues, therefore, that this alleged newly discovered evidence warrants a new trial because it shows that a felon, such as defendant, who "wanted to obstruct someone from finding a gun, in this case by shooting him, would have no reason to believe the 'natural and probable result' of the law enforcement officers finding the gun would result in a federal prosecution." Id. at 4.

The primary flaw in defendant's argument is his assumption that, in order to obtain a conviction under 18 U.S.C. § 1512(a)(1)(C), plaintiff was required to show that "a federal prosecution for a felon in possession of a firearm is the 'natural and probable' result of someone with a prior felony record getting arrested with a gun in his possession in Tulsa County." Id. In reaching this conclusion, defendant relies on Supreme Court and Tenth Circuit case law. However, none of those cases deals with § 1512(a)(1)(c). Rather, the Supreme Court and Tenth Circuit cases cited by defendant concern statutes that relate to "pending" or "official" proceedings. Arthur Anderson LLP v. United States, 544 U.S. 696 (2005) (discussing §§ 1512(b)(1) and (2), which require an "official proceeding"); United States v. Aquilar, 515 U.S. 593 (1995) (discussing § 1503, which requires a "pending proceeding"); United States v. Phillips, 583 F.3d 1261 (10th Cir. 2009) (discussing §

1512(c)(2), which requires an "official proceeding"). Unlike the statutes relied upon by defendant, §1512(a)(1)(C) does not require or relate to an official proceeding of any kind, including a federal prosecution or investigation. Rather, § 1512(a)(1)(C) simply relates to "the communication by any person to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense . . . ." In any case, the Supreme Court's decision in <u>Fowler v. United States</u>, 563 U.S. 668 (2011), contradicts defendant's assertion that a "natural and probable" standard applies under § 1512(a)(1)(C). As this Court explained during the January 22, 2019 hearing, the Supreme Court held that, under § 1512(a)(1)(C), a plaintiff must simply show "a *reasonable likelihood* that . . . at least one relevant communication would have been made to a federal law enforcement officer." <u>Id.</u> at 677 (emphasis in original); <u>see</u> Dkt. # 34, at 3-4. Defendant's alleged newly discovered evidence, which addresses the probability of being federally prosecuted in the Northern District of Oklahoma for being a felon in possession of a firearm, has no bearing on whether there was a reasonable likelihood that at least one relevant communication would have been made to a federal law enforcement officer. Therefore, the Court finds that defendant's alleged newly discovered evidence is immaterial to the principal issues in this case.

Further, even if this Court were to consider defendant's alleged newly discovered evidence to be material to the issues in this case, the evidence is not of such a nature that it would probably produce an acquittal in a new trial. Plaintiff presented significant evidence at trial establishing the likelihood that a local law enforcement officer would communicate with a federal law enforcement officer about a situation involving a felon in possession of a firearm. For example, each witness called by plaintiff testified about "Project Safe Neighborhoods," in which local law enforcement collaborates and communicates with federal law enforcement to combat violent crimes, including

the offense of being a felon in possession of a firearm. Dkt. # 48, at 35-36, 39-40; Dkt. # 49, at 10-11, 44-48. Local law enforcement officers testified that, prior to events leading to defendant's arrest, they had been given cards in connection with Project Safe Neighborhoods. Dkt. # 48, at 35-36, 39-40. One side of the card lists federal crimes, including being a felon in possession of a firearm; the other side of the card lists phone numbers for contacts at the United States Attorney's Office. Id. In addition, Sergeant Mike Parsons testified that, when he comes across a situation that he believes could become a federal case, he calls his "numerous contacts" that "work for the Bureau of Alcohol, Tobacco and Firearms" to discuss the case with those contacts. Dkt. # 49, at 6. Defendant's alleged newly discovered evidence does not contradict any of the evidence establishing that there is a reasonable likelihood that a local law enforcement officer would communicate with a federal law enforcement officer about a situation involving a felon in possession of a firearm. If anything, defendant's alleged newly discovered evidence simply suggests that those discussions often do not lead to federal charges. Accordingly, the Court finds that defendant's alleged newly discovered evidence is not of such a nature that, in a new trial, it would probably produce an acquittal. Therefore, the Court finds that defendant's motion for a new trial should be denied.[2]

---

[2]    Defendant also asks the Court to reconsider the motion for judgment of acquittal submitted to the Court by his attorney during the jury trial. Dkt. # 52, at 5. As defendant acknowledges, however, such a motion is untimely. Fed. R. Crim. P. 29(c)(1) ("A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later.").

**IT IS THEREFORE ORDERED** that defendant John Terry Chatman, Jr.'s motion for new trial (Dkt. # 52) is **denied**.

**DATED** this 19th day of April, 2019.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE